Abran E. Vigil
Nevada Bar No. 7548
Ballard Spahr LLP
1980 Festival Plaza Drive, Suite 900
vigila@ballardspahr.com
Las Vegas, Nevada 89135
Telephone: (702) 471-7000
vigila@ballardspahr.com

*Attorneys for Citibank, N.A. as successor by
Merger to Department Stores National Bank
And Sole Owner of Macy's Branded Credit Cards*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CINDY KALANI,<br><br>  Plaintiff,<br><br>vs.<br><br>EQUIFAX INFORMATION SERVICES LLC; TRANS UNION LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; BARCLAYS BANK DELAWARE; SYNCHRONY BANK dba OLD NAVY DC and AMERICAN EAGLE; DEPARTMENT STORES NATIONAL BANK dba as MACYS; VERIZON WIRELESS SERVICES, LLC and AFFIRM, INC.,<br><br>  Defendants. | CASE NO.: 2:26-cv-00017-CDS-EJY<br><br>**STIPULATION AND ORDER TO SET ASIDE DEFAULT AS TO DEFENDANT DEPARTMENT STORES NATIONAL BANK dba MACYS AND ENLARGING TIME TO RESPOND TO COMPLAINT**<br><br>[ECF No. 43] |

Plaintiff Cindy Kalani and defendant Citibank, N.A. as successor by merger to Department Stores National Bank dba Macy's and Sole Owner of Macy's Branded Credit Cards ("Citi") recite and stipulate as follows:

On January 6, 2026, Plaintiff CINDY KALANI ("Plaintiff"), filed her Complaint for Damages Pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. in this action naming as a defendant, among others, DEPARTMENT STORES NATIONAL BANK dba as MACYS ("Macy's"). On March 10, 2026, the Court entered

default as to defendant Macy's. On March 11, 2025, Citibank, N.A. as successor by merger to Department Stores National Bank dba Macy's and Sole Owner of Macy's Branded Credit Cards ("Citi") retained counsel in this matter. Citi asserts that it is the proper defendant in place of Macy's and therefore enters appearance in this matter.

Under the circumstances, the parties agree that setting aside the default of defendant Macy's will not delay the prosecution of this action and that there is no prejudice to any party occasioned by granting Macy's the relief it seeks so that Citi can investigate the claims within the Complaint and file an appropriate response to the Complaint.

Therefore, Plaintiff and defendant Citi stipulate that the default entered on or about March 10, 2026 against Macy's shall be set aside and Citi may file its response to the Complaint within 20 days after the order approving this stipulation is entered.

IT IS SO STIPULATED.

DATED: March 13, 2026

**BALLARD SPAHR LLP**

By: /s/ Abran E. Vigil
    Abran E. Vigil, Esq.

*Attorneys for Defendant Citibank, N.A.*
*as successor by Merger to Department*
*Stores National Bank and Sole Owner*
*of Macy's Branded Credit Cards*

DATED: March 13, 2026

**FREEDOM LAW FIRM, LLC**

By: /s/ Gerardo Avalos
    George Haines, Esq.
    Gerardo Avalos, Esq.

*Attorneys for Plaintiff Cindy Kalani*

The parties' stipulation to set aside default **[ECF No. 43] is approved**. The Clerk of Court is kindly directed to vacate the default at ECF No. 40.

_____
United States District Judge

Dated:  March 13, 2026

BALLARD SPAHR LLP
One Summerlin, 1980 Festival Plaza Drive, Suite 900
Las Vegas, NV 89135-2958